ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 07 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | 1:07-CV-2177 |
| EXEL INCORPORATED, | ) ) | COMPLAINT   TWT |
| Defendant. | ) ) ) | JURY TRIAL DEMANDED |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Darius Baugh who was adversely affected by such practices. The Commission alleges that Exel, Inc. wrongfully terminated Darius Baugh in retaliation for reporting a hostile work environment and sexual harassment to the EEOC. Darius Baugh filed a formal charge with the EEOC on January 4, 2006 and Exel subsequently terminated his employment as a Fork Lift Operator on January 9, 2006.

## JURISDICTION AND VENUE

1.　Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3), 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.　The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3.　Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.　At all relevant times, Defendant Exel Inc. (the "Defendant") has continuously been doing business in the State of Georgia and the city of Fairburn, and has continuously had at least 15 employees.

5.　At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title

VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.      More than thirty (30) days prior to the institution of this lawsuit, Darius Baugh filed his charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      On or about January 1, 2006, Defendant engaged in unlawful employment practices at its Fairburn, Georgia facility in violation of Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a), by terminating Darius Baugh in retaliation for filing a charge with the EEOC.

8.      The effect of the practices complained of in paragraph 7, above, has been to deprive Darius Baugh of equal employment opportunities and otherwise adversely affect his status as an employee because he filed a charge of discrimination with the EEOC.

9.      The unlawful employment practices complained of in paragraph 7, above, were intentional.

10.     The unlawful employment practices complained of in paragraph 7, above, were carried out with malice and/or reckless indifference to the federally protected rights of Darius Baugh.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all other persons in active concert or participation with it, from terminating any employee in retaliation for filing a formal charge with the EEOC, and any other employment practice which discriminates against employees for otherwise opposing or reporting unlawful employment practices.

B.  Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant Employer to make whole Darius Baugh, by providing appropriate back pay with prejudgement interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Baugh.

D.  Order Defendant Employer to make whole Darius Baugh, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7, above, including but not limited to job search expenses and medical expenses not covered by Defendant Employer's employee benefit plan, in amounts to be determined at trial.

E.  Order Defendant Employer to make whole Darius Baugh, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraph 7, above, including but not limited to emotional pain and suffering, inconvenience, anxiety, stress, and humiliation, in amounts to be determined at trial.

F.  Order Defendant Employer to pay to Baugh punitive damages for Defendant's malicious and/or reckless conduct described in paragraph 7, above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

_____  9/7/2007
Robert K. Dawkins
Regional Attorney
Georgia Bar No. 076206

SUZANNE J. CARELLI
Trial Attorney
Georgia Bar No. 076142


U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone:  (404) 562-6852
Facsimile:   (404) 562-6905